IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jim Kodes,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED NATURAL FOODS, INC.<br><br>    Defendant. | C/A No.: 3:25-1086-JFA<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**NOW COMES,** through undersigned counsel, Plaintiff Jim Kodes and brings this Complaint against Defendant UNITED NATURAL FOODS, INC. ("UNFI" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. Defendant UNFI has been in the business of providing one of the largest publicly traded wholesale distributors of food options across North America.

2. Defendant UNFI delivered/distributed food options to Plaintiff's employer US Foods at 120 Longs Pond Road, Lexington, South Carolina.

1

3.  Plaintiff is demanding damages resulting from the improper loading of food options in a tractor trailer expected to be operated in interstate commerce prior to ultimate distribution to Plaintiff's employer in Lexington, South Carolina.

## PARTIES

4.  Plaintiff Jim Kodes is a resident of Lexington, South Carolina.

5.  Defendant UNITED NATURAL FOODS, INC ("UNFI" or "Defendant"), is a corporation organized under the laws of the State of Delaware with its principal place of business and corporate headquarters at 313 Iron Horse Way, Providence, Rhode Island.

6.  Defendant developed, marketed, promoted, distributed, and sold in the foreseeable chain of commerce food products intended to be purchased by Plaintiff's employer.

7.  Defendant knowingly marketed, distributed, and sold its products in the State of South Carolina.

8.  Upon information and belief, the food products developed, promoted, and distributed by the Defendant were improperly secured prior to distribution to Plaintiff's employer.

## JURISDICTION AND VENUE

9.  Subject matter jurisdiction in this matter is proper because the amount in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand

Dollars ($75,000) and the parties are citizens of different states, as required by 28 U.S.C. § 1332(a).

10. To the extent relevant, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Venue of this matter is proper in the United States District Court for the District of South Carolina, Columbia Division, pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this judicial district. Specifically, Defendant's food options were marketed, distributed, and sold to Plaintiff's employer in Lexington, South Carolina where Defendant's improperly loaded materials injured the Plaintiff.

## FACTUAL BACKGROUND

12. Upon information and belief, among the products Defendant developed, marketed, manufactured, distributed, and sold are various food options that are loaded at centers outside of the State of South Carolina that are then delivered to customers in South Carolina, such as Plaintiff's employer.

13. Upon information and belief, Defendant represented that its products were properly packaged, stored, and readied for delivery to South Carolina companies, such as Plaintiff's employer.

14. Upon information and belief, Defendant, however, knew or should have known that its packaging, storage, and loading of the trailer was not adequate to prevent injury and in violation of several federal regulations covering such preparation.

15. On or before June 6, 2022, Defendant improperly packaged, loaded, and secured a load of food options to be delivered to Plaintiff's employer in Lexington, South Carolina.

16. The trailer improperly packaged, loaded, and secured load was delivered to Plaintiff's employer in Lexington, South Carolina on June 6, 2022.

17. Through no fault of the Plaintiff's, Defendant's actions resulted in the improperly secured load collapsing onto the Plaintiff as he attempted to unload the trailer, causing significant personal injuries.

18. As a result of Defendant's actions, Plaintiff suffered physical and emotional injuries, and continues to suffer great emotional harm, and has had to undergo painful, stressful, and lengthy medical procedures.

## FOR A FIRST CAUSE OF ACTION
### Negligence and Gross Negligence

19. Plaintiff incorporates the above allegations by reference.

20. Defendant owed a duty to Plaintiff and Plaintiff's employer to properly package, load, and secure the load of food options delivered to Plaintiff's employer on June 6, 2022.

21. Defendant knew its products would be delivered to and unloaded by employees of Plaintiff's employer. Defendant knew that if their product was not properly packaged, loaded, and secured, it could result in injuries to employees of the employer as the product was being unloaded.

22. Defendant breached its duty by failing to properly package, load, secure, monitor, inspect and/or test its products delivered to Plaintiff's employer.

23. Defendant provided no warning to Plaintiff or his employer regarding the unsafe packaging, loading, and securement of the food options delivered to the Plaintiff's employer on June 6, 2022.

24. Defendant owed a duty of care to Plaintiff to act reasonably in loading the trailer to avoid jeopardizing the health and wellbeing of those unloading the trailer.

25. Defendant's actions breached the duty of care owed and were negligent as set forth above and below.

26. The Defendant was negligent, grossly negligent, in their failure to warn Plaintiff and/or his employer regarding the unsafe loading of the trailer when Defendant knew or should have known that when the food options were unloaded

these negligent acts or omissions would cause the Plaintiff's harms and losses as set forth above and below.

## FOR A SECOND CAUSE OF ACTION

### Negligence *Per Se*

27.     Plaintiff incorporates the above allegations by reference.

28.     The proper loading and packaging of materials in a tractor-trailer are governed primarily by regulations set forth in the Federal Motor Carrier Safety Regulations (FMCSRs), administered by the Federal Motor Carrier Safety Administration (FMCSA).

29.     In particular, 49 CFR Parts 393 and 396 involve the loading and inspection of tractor-trailers engaged in interstate commerce.

30.     Among those regulations are included:

**Subpart I: Protection Against Shifting and Falling Cargo**
**§ 393.100: General Rules for Cargo Securement**
Requires all cargo to be properly distributed and adequately secured to prevent:

Leaking, spilling, blowing, or falling from the vehicle.

Shifting that affects the vehicle's stability or maneuverability.

**§ 393.102: Minimum Performance Criteria for Cargo Securement Devices and Systems**
Specifies the minimum strength and performance standards for securement devices, such as straps, chains, and other mechanisms used to keep cargo in place.

**§ 393.104: General Requirements for Securing Cargo**
Requires securement devices to be in good working condition and properly

6

used. Includes specific rules for attachment points and how cargo should be secured.

### § 393.106: Requirements for Securing Articles of Cargo
Mandates that securement systems must withstand forces generated by acceleration, deceleration, and turning.

### 49 CFR Part 396: Inspection, Repair, and Maintenance
Although this part primarily addresses vehicle maintenance, it includes requirements for pre-trip and post-trip inspections to ensure cargo is secure.

### § 396.13: Driver Inspection
Drivers must inspect cargo securement devices and systems to ensure compliance before beginning a trip.

### § 396.9: Inspection of Cargo
Drivers must periodically inspect cargo and securement systems during transit, particularly after driving a specific distance or during a change of duty.

31.  Upon information and belief, Defendant's actions resulted in the violation of the above Federal Regulations.

32.  As a direct result of the actionable conduct of Defendant, Plaintiff suffered personal injuries while unloading the delivery from the Defendant on June 6, 2022.

33.  Plaintiff has experienced great physical injury, medical bills, mental anguish, and suffering.

34.  Plaintiff is informed and believes he is entitled to judgment against Defendant for an award of actual and/or punitive damages in an amount to be determined by the trier of fact and for any additional relief the court deems just and proper.

## **PRAYER FOR RELEIF**

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant as follows:

A. For an award of compensatory damages, including damages against Defendant for medical and hospital expenses, pain and suffering, mental anguish, disability, and other damages according to proof at trial in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. For reasonable attorney fees and costs;

C. For punitive damages to be awarded if the Plaintiff proves by clear and convincing evidence that the Defendant acted recklessly or willfully in causing harm.

D. For pre-judgment interest;

E. That the Court award Plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

F. For such further and other relief this Court deems just and equitable.

## **PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted, this 24th day of February, 2025

    MORGAN, SLAUGHTER & HALTIWANGER, LLC

    By: <u>s/Daniel S. Haltiwanger</u>
    Daniel S. Haltiwanger, Fed. ID #7544
    S. Kirkpatrick Morgan, Jr., Fed. ID # 5035
    135 East Main Street
    Post Office Box 1256 (29071)
    Lexington, South Carolina 29072
    Telephone: (803) 359-6195
    Facsimile: (803) 770-0913
    dan@mshfirm.com
    kirk@mshfirm.com

    Charles T. Slaughter, Fed ID # 10690
    Morgan, Slaughter & Haltiwanger, LLC
    1156 Bowman Road, Suite 203
    Mount Pleasant, South Carolina 29646
    Telephone: (803) 359-6195
    Facsimile: (803) 770-0913
    chuck@mshfirm.com

    *Attorneys for the Plaintiff*